UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00002-GNS

RACHEL NEAL et al.                                                                                                PLAINTIFFS

v.

COMMONWEALTH HEALTH
CORPORATION, INC. d/b/a
MED CENTER HEALTH                                                                                       DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 10). The motion is ripe for adjudication. For the reasons stated below, the motion is **DENIED**.

### I.      BACKGROUND

Plaintiffs Rachel Neal, Starla Coons, and Kami Hartmire (collectively "Plaintiffs") filed this action against Defendant Commonwealth Health Corporation d/b/a Med Center Health ("CHC") asserting claims under Title VII of the Civil Rights Act of 1964 relating to their employment as registered radiation therapists at the Barren River Regional Cancer Center. (Compl. ¶¶ 18, 36-50, DN 1). CHC has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### II.     STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual

1

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When considering a motion to dismiss, a court must "accept all the Plaintiff's factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

### III. DISCUSSION

Before a plaintiff may bring a Title VII claim in federal court against his or her employer, the plaintiff must file a charge with the EEOC, and the "[employer] must be *named* in the EEOC charge before the employer may be sued under Title VII 'unless there is a clear identity of interest between [the unnamed party] and a party named in the EEOC charge . . . .'" *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987) (second alteration in original) (quoting *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984)). In CHC's motion, it contends that Plaintiffs failed to properly name their employer in the EEOC charges, which precludes the assertion of their Title VII claims. (Def.'s Mem. Supp. Mot. Dismiss 3-4, DN 10-1).

An exception to the naming requirement applies "if an 'identity of interest' is found to exist between the named and unnamed parties." *Romain*, 748 F.2d at 245. As the Sixth Circuit has noted, "[t]he 'identity of interest' exception acknowledges the reality that laymen, unassisted by trained lawyers, initiate the process of filing a charge with the EEOC, and accordingly prevents frustration of the remedial goals of Title VII by not requiring procedural exactness in

stating the charge." *Id*. Plaintiffs contend that this exception applies. (Pls.' Resp. Def.'s Mot. Dismiss 6-14, DN 14).

To determine whether this exception applies, however, the Court would have to consider matters outside of the pleadings, which is generally not permitted in ruling on a Fed. R. Civ. P. 12(b)(6) motion. *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) ("Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010))). Accordingly, this issue is more properly resolved through a summary judgment motion following discovery. For this reason, CHC's motion is denied. *See Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544, 547-48 (6th Cir. 2013) ("[A]t [the motion to dismiss] stage, the record is insufficiently developed to allow us to conduct the identity-of-interest analyses . . . . Some, potentially limited, discovery is necessary before it may be determined whether Defendants have a 'clear identity of interest' with the party named in Plaintiff's EEOC charge. Therefore, it was error for the district court to have dismissed Plaintiff's Title VII claims at this stage in the litigation.").

### IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 10) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

July 17, 2023

cc:   counsel of record